UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BUESING CORPORATION, | Case No. 2:16-CV-1439 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| HELIX ELECTRIC OF NEVADA, LLC, | |
| Defendant(s). | |

Presently before the court is plaintiff Buesing Corporation's ("Buesing") motion for reconsideration. (ECF No. 51). Defendant Helix Electric of Nevada, LLC ("Helix") filed a response (ECF No. 54), to which Buesing replied (ECF No. 55).

**I.  Facts**

On August 7, 2015, Helix entered into a contract with Buesing for the performance of certain pile driving construction work at a project in Henderson, Nevada (the "solar project"). (ECF No. 33-3). The contract required Buesing to install 7,898 piles at a total cost of $313,296.00 in accordance with certain project documents, including the SNWA Ninyo & Moore pile test ("the pile test report"). (ECF Nos. 1, 33, 33-3). The pile test report detailed soil and site conditions. (ECF No. 41-3). Based on the information in the report, Buesing anticipated that it would install approximately 527 piles per day. (ECF No. 41-6).

On August 31, 2015, Buesing began working on the solar project. (ECF No. 41). Buesing almost immediately encountered soil conditions that were different than those disclosed in the pile test report. (ECF No. 41-6). After four days of work, Buesing had installed only 500 piles, many of which were damaged and required removal. *Id*.

**James C. Mahan**
**U.S. District Judge**

On September 11, 2015, Buesing informed Helix that it encountered differing soil conditions. (ECF No. 41-9). On September 24, 2015, Helix and Buesing modified the contract in the amount of $130,000.00 for "pulling and drilling for remediation of piles." (ECF No. 41-6). Despite the modification, Buesing encountered ongoing difficulties and, on October 2, 2015, the parties agreed to temporarily stop installing piles. *Id*.

On October 9, 2015, Buesing informed Helix that it "can no longer continue the pile work" due to the differing soil conditions. (ECF No. 41-15). On October 12, 2015, Helix sent Buesing a written notice of default for Buesing's abandonment of the solar project. (ECF No. 41-16). The next day, Buesing notified Helix that it would be on the site the following day "to work through the issues involved in completing the remediation work." (ECF No. 41-17). Buesing allegedly did not cure its default but instead "demobilized its equipment, tapered down, stopped work, and performed only a minimal amount of sub survey work[.]" (ECF No. 33).

On October 16, 2015, Helix terminated the contract for Buesing's "failure to perform and job abandonment." (ECF No. 41-19). On that same day, Buesing sent a letter to Helix, in which Buesing stated that it had not abandoned the solar project but that it could not complete performance without further modification of the contract. (ECF No. 41-18). Thereafter, Helix contracted with another company to compete the pile driving work. (ECF No. 33).

On June 21, 2016, Buesing filed a complaint, asserting three causes of action: (1) declaratory judgment; (2) breach of contract; and (3) breach of the implied covenant of good faith and fair dealing. (ECF No. 1). On July 8, 2016, Helix filed an answer and counterclaim, asserting three causes of action: (1) declaratory judgment; (2) breach of contract; and (3) breach of the implied covenant of good faith and fair dealing. (ECF No. 8).

On November 27, 2017, Helix moved for summary judgment on (1) Buesing's breach of contract claim; (2) Buesing's good faith claim; (3) Helix's breach of contract claim; and (4) Helix's good faith claim. (ECF No. 33). On January 8, 2018, Buesing filed a cross-motion for summary judgment requesting that the court deny Helix's motion. (ECF No. 41).

On July 13, 2018, the court issued an order holding that Buesing breached the contract by failing to install piles in compliance with the contract. (ECF No. 50). Now, Buesing moves for reconsideration. (ECF No. 51).

**II. Legal Standard**

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Rule 54(b) permits a district court to revise an order that does not terminate the action at any time before the entry of judgment. Fed. R. Civ. P. 54(b); *see also Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887 (9th Cir. 2001). However, reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration is also an improper vehicle "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation." *Marlyn Nutraceuticals*, 571 F.3d at 880.

**III. Discussion**

Good cause appearing, the court reconsiders the parties' cross-motions for summary judgment. *See School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

*a. Breach of contract*

Helix argues that Beusing breached the contract when it failed to install piles. (ECF No. 33). Buesing argues that its deficient performance was excusable in light of the differing soil condition and that Helix breached the contract when it improperly terminated the agreement. (ECF No. 41).

To prevail on a claim for breach of contract, a plaintiff must demonstrate (1) the existence of a valid contract; (2) that plaintiff performed or was excused from performance; (3) that the

James C. Mahan
U.S. District Judge

- 3 -

defendant breached the contract; and (4) that the plaintiff sustained damages. *Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2001); *see also Sierra Dev. Co. v Chartwell Advisory Group, Ltd.*, 223 F. Supp. 3d 1098, 1103 (D. Nev. 2016).

The contract at issue provides separate provisions for termination without cause and termination for cause. (ECF No. 33-3). Helix terminated the contract due to Buesing's alleged "failure to perform and job abandonment." (ECF No. 41-19). Thus, Helix terminated the contract for cause.

Helix's termination constitutes a breach of contract only if Buesing's deficient performance was not a material breach. On the other hand, if Buesing was in breach, then Helix's termination was proper. *See Young Elec. Sign Co. v. Fohrman*, 466 P.2d 846, 847 (Nev. 1970) (holding that a material breach excuses further performance by the non-breaching party).

Buesing has provided evidence showing that it did not abandon the solar project and that its deficient performance was not a material breach in light of the differing soil conditions. (ECF Nos. 41, 41-6, 41-9, 41-16, 41-19). Helix has also provided evidence showing the contrary, that the pile test report disclosed substantially accurate soil conditions. (ECF No. 33-11, 41-13). This conflicting evidence creates a genuine dispute of material fact and precludes summary judgment on the parties' breach of contract claims. *See T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (holding that at summary judgment courts do not "make credibility determinations or weigh conflicting evidence.").

*b. Breach of the implied covenant of good faith and fair dealing*

A contractual breach of the implied covenants of good faith and fair dealing occurs "[w]here the terms of a contract are literally complied with but one party to the contract deliberately countervenes the intention and spirit of the contract." *Hilton Hotels Corp. v Butch Lewis Prods.*, Inc., 808 P.2d 919, 922–23 (Nev. 1991); *see Shaw v. CitiMortgage, Inc.*, 201 F. Supp. 2d 1222, 1252 (D. Nev. 2016). Although the evidence before the court does not establish which party is in breach, it does establish that one of the parties did not comply with the terms of contract. Accordingly, the court will summarily deny both parties' claims for breach of the implied covenant of good faith and fair dealing. *See Hilton Hotels Corp.*, 808 P.2d at 922-23.

*c. Declaratory judgment*

"[A] 'claim' for declaratory relief is not a substantive cause of action at all; it is merely a prayer for a remedy." *Pettit v. Fed. Nat'l Mortg. Ass'n*, no. 2:11-cv-00149-JAD-PAL, 2014 WL 584876 (D. Nev. Feb. 11, 2014); *see Wells Fargo Bank, N.A. v. SFR Invs. Pool 1, LLC*, no. 2:15-cv-02257-JCM-CWH, 2017 WL 1902158, at *4 (D. Nev. May 9, 2017) (citing *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989)). As Helix requests a remedy of declaratory relief, the court will dismiss the claim to the extent it purports to create a cause of action. *See Wells Fargo*, 2017 WL 1902158, at *4.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Buesing's motion for reconsideration (ECF No. 51) be, and the same hereby is, GRANTED, consistent with the foregoing.

IT IS FURTHER ORDERED that the court's order filed on July 13, 2018, (ECF No. 50) be, and the same hereby is, VACATED.

DATED March 20, 2019.

_____
UNITED STATES DISTRICT JUDGE