# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BUESING CORPORATION,<br><br>                              Plaintiff,<br><br> v.<br><br>HELIX ELECTRIC OF NEVADA LLC,<br><br>                              Defendant. | **JUDGE JAMES C. MAHAN'S ORDER REGARDING TRIAL**<br><br>Case No.:  2:16-cv-01439-JCM-NJK |

1. Attached hereto is a list of cases that are presently scheduled for trial before the **Honorable James C. Mahan, United States District Judge, at Las Vegas, Nevada,** commencing on **MONDAY, the 14ᵗʰ day of November, 2022** at **9:00 a.m. in Courtroom 6A. This is a two-week trial stack**.

3. Counsel or their clients will be excused from calendar call if prior to the scheduled calendar call settlement papers have been filed in a civil case or a defendant's plea of guilty or nolo contendere has been accepted in a criminal case.

4. **At calendar call**, all cases that remain to be tried will be ranked in order of trial. Thereafter, the court will not grant a continuance to any party absent a showing of good cause. Unless the court otherwise directs, the cases will be tried one after the other on **TWENTY-FOUR (24) HOURS'** notice from the clerk.

5. **CHANGE OF PLEA HEARINGS**. Change of plea hearings will be set on the first available date on the court's calendar. It shall be the joint responsibility of counsel for the United States and for defendant(s) to ensure that the original and two copies of the plea agreement (or a plea memorandum in cases of no plea agreement), together with a copy of the indictment, are delivered to Judge Mahan's courtroom deputy clerk. **Change of plea hearings will not be heard at calendar call, and will not be set until a signed courtesy copy of the plea agreement (or a plea memorandum) is either delivered directly to Judge Mahan's courtroom deputy clerk**

JUDGE JAMES C. MAHAN'S
ORDER REGARDING TRIAL - 1

**and/or faxed to chambers.** It shall further be the responsibility of counsel for the United States to ensure that any necessary produce orders, or writs of habeas corpus ad prosequendum are timely delivered to the United States marshal to ensure the presence of all in-custody defendants for a change of plea, and to ensure proper notification for the attendance of any court interpreter which may be required for the particular case.

6. **STATUS HEARING**. The court may conduct a status conference prior to the scheduled calendar call. If the court is satisfied during the status conference that the case is ready for trial, the court may vacate the calendar call.

7. **WITNESSES**. Counsel shall immediately subpoena all witnesses for the time and trial date as listed above. Inasmuch as the cases will be tried in a trailing fashion, the subpoenas should contain a special instruction from counsel directing witnesses to contact the office of counsel for further instructions prior to appearing for trial. Witnesses are not required to be present at the calendar call but must appear as subpoenaed.

8. **EXHIBITS.** At calendar call counsel shall submit all proposed exhibits on a DVDR, CD, or USB Flash Drive (storage device) to Judge Mahan's courtroom deputy clerk. The disc or drive shall be labeled with the title of the case and the name of the party for whom the exhibits are submitted. A hard copy of the party's exhibits list that includes the electronic file name for each exhibit shall be submitted with the storage device. Unless otherwise directed by the court, the storage device will not be returned to counsel. Parties shall be prepared to submit hard copies of any exhibits admitted during trial. At the same time, counsel shall serve upon opposing counsel a copy of the same. **Numerals** shall be used to identify all exhibits. **Plaintiff's exhibits** shall be marked 1 through 500. **Defendant's exhibits** shall be marked 501 through 1000. Exhibits that are on the same subject matter may be marked as a series: that is, Plaintiff's 1-A, 1-B, etc., and Defendant's 501-A, 501-B, etc. The exhibits shall be listed on the form to be provided by the clerk and pursuant to the instructions as shall be supplied by the clerk.

**Submitting Exhibits**

There are two ways for attorneys to submit exhibits:

JUDGE JAMES C. MAHAN'S
ORDER REGARDING TRIAL - 2

Method one: each exhibit file should be clearly named as in the examples below, using this format: **exhibit number_exhibit description.file extension**, or, if an exhibit has sub-parts, **exhibit number-exhibit subpart_exhibit description.file extension**. All exhibits must be in the same folder or directory.

For example:   1-a_photo of store from east view.jpg

1-b_photo of store from west view.jpg

2_camera footage.wmv

3_contract.pdf

Method two: law firms using exhibit management software may submit (on a storage device) exhibits exported using an indexed filename method with a text delimited file naming the exhibits. The text file must be named "Exhibits.txt" and each line must contain information using this format:   **exhibit number-optional subpart|exhibit description|exhibit file name**. The "exhibits.txt" file must be in the same folder or directory as all the exhibits.

For example:   001-001|Photo of bank|GX001.pdf

002-001|Camera footage|GX002.wmv

**Exhibit File Types**

The court's evidence system will accept electronic evidence only in the following formats as other types cannot be uploaded:

    • Documents and Photographs: .bmp, .gif, .jpg, .pdf, .tif

    • Video and Audio Recordings: .avi, .mpg, mp3, .wav, .wma, .wmv

\*\*Each PDF file may not be larger than 12MB. Hyphens and underscore characters must be used as shown in the examples above.

Counsel may use computer-generated exhibit lists so long as they conform to the requirements of the form that is provided by the clerk. Counsel shall retain possession of their exhibits until such time as they are identified in open court; afterward, the exhibits shall remain in the custody of the clerk, unless otherwise ordered.

JUDGE JAMES C. MAHAN'S
ORDER REGARDING TRIAL - 3

9. **MARKING EXHIBITS.** During preparations for trial, counsel for all parties shall meet, confer, and exchange all trial exhibits at calendar call.

10. **WITNESS LISTS: At calendar call**, counsel and any party appearing pro se, shall file with the courtroom deputy clerk a **list of witnesses** expected to be called on behalf of each party for use by the court during jury selection.

11. **STATEMENT OF THE CASE: At calendar call**, counsel and any party appearing pro se shall file with the courtroom deputy clerk <u>a brief statement of the case, no longer than one-half page, stating the nature of the claims and offenses, to be read to prospective jurors at the time of jury selection</u>. In a criminal case, a copy of the Indictment, indicating which portions should be read to the jury, will satisfy this requirement.

12. **JURY INSTRUCTIONS IN CRIMINAL CASES**. Counsel are to comply with the "Order Regarding Pretrial Procedure." **At calendar call**, **counsel is required to jointly file one set of agreed-upon proposed jury instructions and form of a verdict at calendar call to the Court both in document form and on computer disk in Word format.** The parties are further advised that the undersigned district judge has developed his own "stock" or "general" jury instructions drawn principally from the **Manual of Model Criminal Jury Instructions for the Ninth Circuit.**

13. **GOVERNMENT'S TRIAL MEMORANDUM**. In all criminal cases, Plaintiff United States shall file its original **government's trial memorandum** under seal at **calendar call** and shall also provide a reading copy for the court. The government's trial memorandum shall be served on counsel for defendant on the date trial commences.

14. **JURY INSTRUCTIONS IN CIVIL CASES.** In all civil cases to be tried before a jury, counsel and any parties appearing pro se are required to **jointly file one set of agreed-upon jury instructions and form of a verdict at calendar call both in document form and on computer disk in Word format.** To meet this requirement, the parties are required to serve their proposed jury instructions upon each other at least <u>**two weeks prior to trial and file those with the court on the date indicated in the pretrial order, and to thereafter confer to arrive at a**</u>

**single set of jointly agreed upon jury instructions.** To the extent the parties are unable to agree as to the form of any particular instruction(s), each party shall also file at **calendar call** the jury instruction(s) which are not agreed upon together with the respective arguments and authorities of the parties in support thereof.

The parties are further advised that the undersigned district judge has developed his own "stock" or "general" jury instructions drawn principally from the **Manual of Model Civil Jury Instructions for the Ninth Circuit.** Therefore, the efforts of the parties in preparing the jury instructions in compliance with this order should be focused on developing special jury instructions which relate to the particular claims and defenses at issue as well as those relating to the damages and any special evidentiary matters pertinent to the case.

All proposed jury instructions submitted by the parties should be concise, understandable, and neutral statements of law. Argumentative jury instructions are improper, will not be given, and should not be submitted.

15. **TRIAL BRIEFS, PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW.** To the extent they have not already done so in accordance with the court's joint pretrial order, counsel for all parties, and any party appearing pro se, shall file an original and two copies of a trial brief in all civil cases at **calendar call**. Additionally, in all civil cases to be tried before the court sitting without a jury, the parties shall file proposed findings of fact and conclusions of law at **calendar call**. Counsel wishing to utilize the court's evidence display equipment must contact the courtroom deputy to determine its availability and to arrange for training.

16. **EXPEDITED OR DAILY TRANSCRIPTS.** Any party that will require expedited or daily transcripts shall notify the Court Reporter Team via email transcript_orders@nvd.uscourts.gov immediately upon receipt of this order. Failure to timely notify the Reporter may result in the refusal to provide expedited or daily transcripts. A Transcript Order form must be submitted to transcript_orders@nvd.uscourts.gov .

JUDGE JAMES C. MAHAN'S
ORDER REGARDING TRIAL - 5

17. **TRIAL JUDGE.** Although the cases that are listed on the attached trial calendar are assigned to Judge Mahan, the cases may proceed to trial before another Nevada district judge or a visiting district judge.

18. **CONSENT TO TRIAL BEFORE A MAGISTRATE JUDGE**. Counsel and parties in civil actions are reminded of their right to consent to disposition before a United States magistrate judge pursuant to Title 28, Section 636(c)(2) of the United States Code. The right to proceed before a magistrate judge in a civil case includes those cases that will be tried before a jury as well as those cases to be tried before the court sitting without a jury. Any appeal from a judgment in a proceeding before a magistrate judge shall be taken directly to the United States court of appeals. The option to proceed before a magistrate judge is available to the parties at the time an action is commenced. The court may refuse to approve consent if it appears to be motivated by an effort to delay the proceeding.

19. **SANCTIONS.** As provided for under the local rules of practices of this court, the court will consider the imposition of sanctions against any attorney who: **(1)** fails to timely file trial briefs, suggested voir dire questions and proposed jury instructions or proposed findings of fact and conclusions of law, whichever is applicable, as prescribed by the pretrial order, order regarding pretrial procedure, scheduling order or any order extending the time for such filings; **(2)** fails to comply with the provision of this order including, but not limited to, the failure to appear for calendar call without first having been excused by the court or the clerk with the permission of the court; or **(3)** fails to timely comply with any other order that schedule deadlines for trial preparation.

20. **CONTACT PERSON**. All questions and information regarding the trial calendar are to be directed to **ANGELA REYES**, courtroom deputy clerk, at **702-464-5437.**

///

JUDGE JAMES C. MAHAN'S
ORDER REGARDING TRIAL - 6

21. The date of the clerk's file mark shall constitute the date of this order.

IT IS SO ORDERED.

_____
JAMES C. MAHAN
United States District Judge

JUDGE JAMES C. MAHAN'S
ORDER REGARDING TRIAL - 7

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
LAS VEGAS, NEVADA
COURTROOM 6A

**MONDAY, NOVEMBER 14, 2022**

PRESENT:

THE HONORABLE JAMES C. MAHAN, U.S. DISTRICT JUDGE

| | | |
|---|---|---|
| Angela Reyes | | |
| Courtroom Administrator | Law Clerk(s) | Reporter/Recorder |

**9:00 A.M.**

| | |
|---|---|
| 2:16-cv-01439-JCM-NJK | BUESING CORPORATION, AN ARIZONA CORPORATION |
| | v. |
| **BENCH TRIAL** | HELIX ELECTRIC OF NEVADA LLC |

COUNSEL FOR PLAINTIFF(s):          COUNSEL FOR DEFENDANT(s):

J. Cahill, Esq.                                      Theodore Parker III, Esq.

Gabriel Blumberg, Esq.                        Shana Weir, Esq.

Michael Rubin, Esq.

Prepared Thursday, October 27, 2022 10:46:41AM

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

2:-CV- JCM (   )

,

          Plaintiff,

v.

,

          Defendant.

<u>JURY INSTRUCTIONS</u>

**James C. Mahan**
**U.S. District Judge**

1   JCM STOCK CIVIL JURY INSTRUCTION 1.1C

2   **DUTIES OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT**

3   **END OF CASE)**

4       Members of the jury, now that you have heard all the evidence (and the arguments of the

5   attorneys), it is my duty to instruct you as to the law of the case.  A copy of these instructions will

6   be sent with you to the jury room when you deliberate.

7       You must not infer from these instructions or from anything I may say or do as indicating that

8   I have an opinion regarding the evidence or what your verdict should be.

9       It is your duty to find the facts from all the evidence in the case.  To those facts you will

10  apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with

11  it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices or

12  sympathy.  That means that you must decide the case solely on the evidence before you.  You will

13  recall that you took an oath promising to do so.

14      In following my instructions, you must follow all of them and not single out some and ignore

15  others; they are all important.

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

JCM STOCK CIVIL JURY INSTRUCTION – 1.3

**BURDEN OF PROOF–PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means that you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

At the beginning of the case, I told you that the party asserting a claim has the burden of proving that claim by a preponderance of the evidence. That means that a party asserting a claim has to produce evidence which, considered in the light of all of the facts, leads you to believe that what the party claims is more likely true than not. To put it differently, if you were to place each party's evidence on opposite sides of the scales, the party asserting a claim would have to make the scales tip slightly on that side. If the party asserting a claim fails to meet this burden, the verdict must be for the defending party.

Those of you who have sat on criminal cases will have heard of proof beyond a reasonable doubt. That is a stricter standard, i.e., it requires more proof than a preponderance of the evidence. The reasonable doubt standard does not apply to a civil case and you should therefore put it out of your mind.

The plaintiff has the burden of proof as to the elements of his case by a preponderance of the evidence.

**James C. Mahan**
**U.S. District Judge**

1   JCM STOCK CIVIL JURY INSTRUCTION – 1.4

2   **BURDEN OF PROOF–CLEAR AND CONVINCING EVIDENCE**

3        When a party has the burden of proving any claim or defense by clear and convincing

4   evidence, it means you must be persuaded by the evidence that the claim or defense is highly

5   probable.  This is a higher standard of proof than proof by a preponderance of the evidence.

6        You should base your decision on all of the evidence, regardless of which party presented

7   it.

**James C. Mahan**
**U.S. District Judge**

1   JCM STOCK CIVIL JURY INSTRUCTION – 1.5

2   **TWO OR MORE PARTIES–DIFFERENT LEGAL RIGHTS**

3            You should decide the case as to each [plaintiff] [defendant] separately.  Unless otherwise

4   stated, the instructions apply to all parties.

**James C. Mahan**
**U.S. District Judge**

JCM STOCK CIVIL JURY INSTRUCTION – 1.6

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.      The sworn testimony of any witness;

2.      The exhibits which are received into evidence; and

3.      Any facts to which the lawyers have agreed.

**James C. Mahan**
**U.S. District Judge**

JCM STOCK CIVIL JURY INSTRUCTION – 1.7

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; when I give or have given a limiting instruction, you must follow it.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

James C. Mahan
U.S. District Judge

JCM STOCK CIVIL JURY INSTRUCTION – 1.9

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is  proof of one or more facts from which you can find another fact.  You should consider both direct and circumstantial evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**James C. Mahan**
**U.S. District Judge**

JCM STOCK CIVIL JURY INSTRUCTION – 1.11

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)     the witness's opportunity and ability to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness's testimony;

(6)     the reasonableness of the witness's testimony in light of all the evidence; and

(7)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

In deciding whether or not to believe a witness, keep in mind that people sometimes forget things.  You need to consider therefore whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

**James C. Mahan**
**U.S. District Judge**

1
2
3
4
5
6
7
8
9
10
11
12           INSTRUCTIONS FROM THE PARTIES
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**James C. Mahan**
**U.S. District Judge**

1   JCM STOCK CIVIL JURY INSTRUCTION – 3.1

2   **DUTY TO DELIBERATE**

3           When you begin your deliberations, elect one member of the jury as your presiding juror.

4   That person will preside over the deliberations and speak for you here in court.

5           You will then discuss the case with your fellow jurors to reach agreement if you can do so.

    Your verdict must be unanimous.

6           Each of you must decide the case for yourself, but you should do so only after you have

7   considered all the evidence, discussed it fully with the other jurors, and listened to the views of your

8   fellow jurors.

9           Do not hesitate to change your opinion if the discussion persuades you that you should.  Do

    not come to a decision simply because other jurors think it is right.

10          It is important that you attempt to reach a unanimous verdict but, of course, only if each of

11  you can do so after having made your own conscientious decision. Do not change an honest belief

12  about the weight and effect of the evidence simply to reach a verdict.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

JCM STOCK CIVIL JURY INSTRUCTION – 3.2

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [marshal] [bailiff], signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

**James C. Mahan**
**U.S. District Judge**

1  JCM STOCK CIVIL JURY INSTRUCTION – 3.3

2  **RETURN OF VERDICT**

3          A verdict form has been prepared for you.   After you have reached unanimous agreement

4  on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it and

   advise the court that you are ready to return to the courtroom.

**James C. Mahan**
**U.S. District Judge**

1
2
3
4
5   **UNITED STATES DISTRICT COURT**
6   **DISTRICT OF NEVADA**
7
8   UNITED STATES OF AMERICA,                    2:-CR- JCM (   )
9                Plaintiff,
10  v.
11  ,
12               Defendant.
13
14
15                        JURY INSTRUCTIONS
16
17
18
19
20
21
22
23
24
25
26
27
28

**James C. Mahan**
**U.S. District Judge**

JURY INSTRUCTION NO. ___

Members of the jury, now that you have heard all the evidence (and the arguments of the lawyers), it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done, any suggestion as to what verdict you should return – that is a matter entirely up to you.

James C. Mahan
U.S. District Judge

JURY INSTRUCTION NO. ____

The indictment is not evidence.  The defendant has pleaded not guilty to the charge[s].  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charge[s] beyond a reasonable doubt.

**James C. Mahan**
**U.S. District Judge**

1   JURY INSTRUCTION NO. ___

2          A defendant in a criminal case has a constitutional right not to testify.  You may not draw any

3   inference of any kind from the fact that the defendant did not testify.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

1   JURY INSTRUCTION NO. ___

2        The defendant has testified.  You should treat this testimony just as you would the testimony

3   of any other witness.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

JURY INSTRUCTION NO. ___

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**James C. Mahan**
**U.S. District Judge**

JURY INSTRUCTION NO.

The evidence you are to consider in deciding what the facts are consists of:

(1)    the sworn testimony of any witness; [and]

(2)    the exhibits received in evidence[.] [;and]

(3)    any facts to which the parties have agreed.

**James C. Mahan**
**U.S. District Judge**

JURY INSTRUCTION NO.

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, [will say in their] closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**James C. Mahan**
**U.S. District Judge**

JURY INSTRUCTION NO.

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**James C. Mahan**
**U.S. District Judge**

JURY INSTRUCTION NO. ___

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the witness's opportunity and ability to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimonies deserve.

**James C. Mahan**
**U.S. District Judge**

1    JURY INSTRUCTION NO. ___

2         You are here only to determine whether the defendant is guilty or not guilty of the charge[s]

3    in the indictment.   The defendant is not on trial for any conduct or offense not charged in the

4    indictment.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

INSTRUCTIONS FROM THE PARTIES

**James C. Mahan**
**U.S. District Judge**

JURY INSTRUCTION NO. \_\_\_

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**James C. Mahan**
**U.S. District Judge**

JURY INSTRUCTION NO. _____

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

> Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

> Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings [and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

**James C. Mahan**
**U.S. District Judge**

1    JURY INSTRUCTION NO. _____

2         Some of you have taken notes during the trial.  Whether or not you took notes, you should

3    rely on your own memory of what was said.  Notes are only to assist your memory.  You should not

4    be overly influenced by your notes or those of your fellow jurors.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

1  JURY INSTRUCTION NO. _____

2        The punishment provided by law for this crime is for the court to decide.  You may not

3  consider punishment in deciding whether the government has proved its case against the defendant

4  beyond a reasonable doubt.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

JURY INSTRUCTION NO. _____

       A verdict form has been prepared for you, which the attorneys may explain to you in closing argument.  After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the bailiff that you are ready to return to the courtroom.

James C. Mahan
U.S. District Judge

1    JURY INSTRUCTION NO. ___

2         If it becomes necessary during your deliberations to communicate with me, you may send a

3    note through the marshal or bailiff, signed by your foreperson or by one or more of you. No member

4    of the jury should ever attempt to communicate with me except by a signed writing, and I will

     communicate with any member of the jury on anything concerning the case only in writing or here

5    in open court.  If you send out a question, I will consult with the lawyers before answering it, which

6    may take some time.  You may continue your deliberations while waiting for the answer to any

7    question.  Remember that you are not to tell anyone – including me – how the jury stands,

8    numerically or otherwise, on the question of the guilt of the defendant, until after you have reached

9    a unanimous verdict or have been discharged.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

# Sample of

# Defendants

# Exhibit

DEFENDANT'S
EXHIBIT
501

# Sample of

# Plaintiff's

# Exhibit

**PLAINTIFF'S EXHIBIT**

**1**

## EXHIBIT LIST

Case No. _____          Page ____ of ____ page:

_____ vs. _____

Exhibits on behalf of: _____

| DATE ADMITTED | DATE MARKED | NO. | WITNESS | DESCRIPTION |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |