UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BUESING CORPORATION,<br><br>　　　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>HELIX ELECTRIC OF NEVADA, LLC,<br><br>　　　　　　　　　　Defendant(s). | Case No. 2:16-CV-1439 JCM (NJK)<br><br>FINDINGS OF FACT AND<br>CONCLUSIONS OF LAW |

Presently before the court is the matter of *Buesing Corporation v. Helix Electric of Nevada, LLC*. This court conducted a five-day bench trial on this matter beginning on April 24, 2023.

Considering the evidence adduced at trial, the court makes the following findings and conclusions. Any and all findings of fact set forth herein shall constitute findings of fact even if stated as conclusions of law, and any and all conclusions of law set forth herein constitute conclusions of law even if stated as findings of fact.

Consistent with those findings, the court hereby rules in favor of Helix Electric of Nevada, LLC ("Helix"), only on its breach of contract claim. The court rules against Helix on its claims for breach of the covenant of good faith and fair dealing and misrepresentation. The court further rules against Buesing Corporation ("Buesing") on its claims for breach of contract and breach of the covenant of good faith and fair dealing and likewise denies Buesing's request for declaratory relief.

**FINDINGS OF FACT**

1. On August 7, 2015, Helix and Buesing entered into a contract (the "subcontract") for the performance of certain pile driving construction work at a project in Henderson, Nevada (the "project"). Pursuant to the subcontract, Buesing was to perform its work in accordance with certain project documents

**James C. Mahan**
**U.S. District Judge**

including, but not limited to, a soils report and pile testing report, each compiled by Ninyo & Moore. The pile test detailed the soil and site conditions. The subcontract required Buesing to install 7,898 piles at a total cost of $131,296.00. The soils report also detailed soil and site conditions.

2. On August 31, 2015, Buesing began working on the project. On September 10, 2015, Buesing informed Helix that it encountered differing site conditions and was therefore unable to meet its contractual requirements. On September 23, 2015, a contract modification in the amount of $130,000.00 was signed by the parties. The modification was for "pulling and drilling for remediation of piles." Despite the modification, Buesing remained unable to meet its contractual requirements.

3. On October 2, 2015, due to Buesing's ongoing difficulties with pile installation, Buesing stopped installation. On October 9, 2015, Buesing advised Helix that it was unable to meet its contractual obligations.

4. On October 12, 2015, Helix gave Buesing written notice of default. Helix claimed that Buesing needed to continue pulling piles and remediate the out-of-tolerance piles. On October 16, 2015, Buesing responded to the notice of default. Buesing claimed that it was unable to complete its required work because it could not continue pulling piles while simultaneously remediating the out-of-tolerance piles.

5. Additionally, on October 16, 2015, Helix gave Buesing notice that it was terminating the contract for failure to perform and job abandonment. Thereafter, Helix contracted with other contractors to complete the pile installation and correct the piles installed by Buesing out of contractual tolerance.

6. The subcontract provides separate provisions for termination: without cause and for cause. Helix terminated the subcontract due to Buesing's "failure to perform and job abandonment." Thus, Helix terminated the contract for cause.

7. Buesing installed approximately 4,013 piles. Of this number, 1,377 piles had to be removed because of significant issues with installation. The remaining 2,646 piles had to be brought into tolerance.

8. After Buesing demobilized and left the project, Helix hired several companies to complete the pile installation using an alternate method.

9. Helix incurred costs in the amount of $347,648 for remediating the out-of-tolerance piles installed by Buesing.

**James C. Mahan**
**U.S. District Judge**

10. It is standard practice in the industry to perform a pre-bid walk—or visit and inspect the site—prior to submitting a bid to work on the project site.

11. No representative of Buesing visited or inspected the site prior to submitting its bid to Helix.

12. Buesing was terminated for cause.

13. Buesing failed to meet its burden of proving differing soil conditions.

14. On June 21, 2016, Buesing filed a complaint seeking declaratory relief that Helix's termination of Buesing was wrongful or without cause and bringing causes of action for breach of contract and breach of the covenant of good faith and fair dealing. On July 8, 2016, Helix filed an answer and counterclaims for breach of contract, breach of the covenant of good faith and fair dealing, and misrepresentation.

15. On November 27, 2017, Helix moved for summary judgment on (1) Buesing's breach of contract claim; (2) Buesing's good faith claim; (3) Helix's breach of contract claim; and (4) Helix's good faith claim. On January 8, 2018, Buesing filed a cross-motion for summary judgment requesting that the court deny Helix's motion.

16. On July 13, 2018, the court heard Helix's motion for partial summary judgment. The court granted in part and denied in part Helix's motion. The court concluded that pursuant to addendum 3, Buesing was contractually obligated to drive piles at a rate of 0.5–2.4 minutes consistent with the pile test report. The court held that Buesing breached the contract by failing to install piles in compliance with the contract by only installing 500 piles with an average drive time of 3–5 minutes. The court found that because Buesing had not disclosed an expert witness with the requisite knowledge to testify on differing soil conditions, Buesing has no defense to its breach of contract. Because the court concluded that Buesing breached its contract with Helix, the court held Helix's motion for summary judgment on its breach of the implied covenant of good faith and fair dealing claim will be denied as moot. Lastly, the court found Helix's damage claim presents an unresolved question of fact because of a discrepancy between the amount of damages asserted in Helix's motion and the report of Helix's expert. Accordingly, the court denied Helix's motion for summary judgment on its damage claim.

17. On July 13, 2018, the court also heard Buesing's motion for partial summary judgment and denied it.

**James C. Mahan**
**U.S. District Judge**

18. On August 31, 2018, Buesing moved for reconsideration. The court held that the conflicting evidence created a genuine dispute of material fact and precludes summary judgment on the parties' breach of contract claims. The court also held that although the evidence before the court does not establish which party is in breach, it does establish that one of the parties did not comply with the terms of contract. Accordingly, the court summarily denied both parties' claims for breach of the implied covenant of good faith and fair dealing. Lastly, the court held a claim for declaratory relief is not a substantive cause of action; it is a prayer for a remedy.

19. Helix incurred damages of $347,648.00 as a result of Buesing's breach of contract.

## **CONCLUSIONS OF LAW**

1. The court has subject-matter jurisdiction pursuant to 28 U.S.C. 1332(a) because the parties are completely diverse and the amount in controversy exceeds $75,000 exclusive of interest and costs.

2. Under Nevada law, a breach of contract is "a material failure of performance of a duty arising under or imposed by agreement." *Bernard v. Rockhill Dev. Co.*, 734 P.2d 1238, 1240 (Nev. 1987). A claim for a breach of contract requires that a plaintiff demonstrate the following elements: (1) the existence of a valid contract; (2) a breach by the defendant; and (3) damages as a result of the breach. *Cohen-Breen v. Gray TV Grp., Inc.*, 661 F. Supp. 2d 1158, 1171 (D. Nev. 2009).

3. In determining whether a party has breached, "the interpretation of a contract when the facts are not in dispute is a question of law." *Musser v. Bank of Am.*, 964 P.2d 511 52 (Nev. 1999). Moreover, whether a contract is ambiguous presents a question of law. *See Margrave v. Dermody Props.*, 878 P.2d 291, 293 (Nev. 1994). A contract is ambiguous if it is susceptible to more than one interpretation. *See Anvui, LLC v. G.L. Dragon, LLC*, 163 P.3d 405, 407 (Nev. 2007). However, "ambiguity does not arise simply because the parties disagree on how to interpret their contract." *Galardi v. Naples Polaris, LLC*, 301 P.3d 364, 366 (Nev. 2013). Rather, "an ambiguous contract is an agreement obscure in meaning, through indefiniteness of expression, or having a double meaning." *Id.* (quoting *Whiting Stoker Co. v. Chi. Stoker Corp.*, 171 F.2d 248, 251 (7th Cir. 1948). Furthermore, the court must interpret and enforce an unambiguous contract according to its plain meaning. *See Farmers Ins. Exch. v. Young*, 832 P.2d 376, 380 (Nev. 1992). Therefore, the court cannot consider extrinsic evidence, including intent, unless it first finds

**James C. Mahan**
**U.S. District Judge**

that the contract is ambiguous. *See id.* The court is "not free to modify or vary the terms of an unambiguous agreement." *All Star Bonding v. State*, 62 P.3d 1124, 1126 (Nev. 2003).

4. The court will enforce Section I(3) according to its plain meaning because neither party alleges that the provision is ambiguous. *See Farmers Ins. Exch.*, 832 P.2d at 380. The plain language of the contract permits Helix to terminate the agreement "without cause or penalty." Therefore, Helix was entitled to terminate the contract with or without cause. *See id.*

5. Notice of termination explicitly states that termination was "for failure to perform and job abandonment," rather than for convenience as Buesing contends.

6. Buesing breached its contract by failing to perform in accordance with the with the contract. Buesing's lack of performance was a material breach entitling Helix to terminate the contract and complete the contractual scope of work. *See Young Elec. Sign Co. v. Fohrman*, 466 P.2d 846, 847 (Nev. 1970) (holding that a material breach excuses further performance by the non-breaching party.

## **ORDER**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that, consistent with these findings and conclusions, judgment be entered in favor of Helix for its claim for breach of contract.

IT IS FURTHER ORDERED that judgment be entered in favor of Helix for three hundred seven thousand six hundred forty-eight dollars ($347,648.00) against Buesing.

IT IS FURTHER ORDERED that judgment be entered in favor of Helix against Buesing's breach of contract and breach of implied covenant and fair dealing causes of action.

IT IS FURTHER ORDERED that judgment be entered in favor of Buesing against Helix's breach of the implied covenant and fair dealing and misrepresentation causes of action.

IT IS FURTHER ORDERED that each party bear its own costs and attorney's fees.

IT IS FURTHER ORDERED that Helix prepare and file a proposed judgment consistent with the forgoing findings and conclusions within seven (7) days of the issuance of this order.

DATED May 5, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**