UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BUESING CORPORATION, | Case No. 2:16-CV-1439 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| HELIX ELECTRIC OF NEVADA, LLC, | |
| Defendant(s). | |

Presently before the court is plaintiff and counter-defendant Buesing Corporation's motion to amend a civil judgment. (ECF No. 147). Defendant and counter-claimant Helix Electric of Nevada, LLC filed a response (ECF No. 148), to which Buesing Corporation replied (ECF No. 149).

Also before the court is Helix Electric of Nevada's motion for leave to file a surreply (ECF No. 150). No response has been filed to this motion. For the reasons set forth below, the court denies in part and defers in part the motion to amend and denies the motion for leave to file surreply.

**I.    Background**

This is a breach-of-contract action involving a construction dispute. After a five-day bench trial, the court found the following facts.

On August 7, 2025, plaintiff Buesing Corporation contracted with defendant Helix Electric for piledriving construction work at a property in Henderson, Nevada. (ECF No. 143, at 1–2). Buesing never completed the project and Helix noticed termination of the contract for failure to perform and job abandonment on October 16, 2015. (*Id.* at 2). Helix incurred damages in the

**James C. Mahan**
**U.S. District Judge**

1  amount of $347,648.00 as a result of Buesing's breach.  (*Id.* at 4).  The damages covered the cost
2  of remediating the out-of-tolerance piles installed by Buesing.  (*Id.* at 2).
3        The court entered its findings of fact and conclusions of law on May 5, 2023, and ordered
4  Helix to submit a proposed judgment.  (ECF No. 143, at 5).  The court then signed the proposed
5  judgment, which included an award to Helix of $164,920.88 in prejudgment interest and post-
6  judgment interest at a rate of $90.48 per day.  (ECF No. 145, at 2).  Buesing now moves the court
7  to amend or correct its judgment under Federal Rules of Civil Procedure 59(e) and 60(a), arguing
8  that Helix should not have been awarded prejudgment interest.  (ECF No. 147).

9  **II.**     **Discussion**

10      A.    <u>Buesing's Request for Relief under Rule 60(a)</u>

11        As an initial matter, the court finds that Buesing's motion cannot be granted under Rule
12  60(a).  Rule 60(a) allows the court to "correct a clerical mistake or a mistake arising from oversight
13  or omission whenever one is found in a judgment, order, or other part of the record."  FED. R. CIV.
14  P. 60(a).  Whether to grant a Rule 60 motion is a matter within the district court's discretion.
15  *Fantasyland Video, Inc. v. Cnty. of San Diego*, 505 F.3d 996, 1001 (9th Cir. 2007).  The court did
16  not commit a clerical mistake or omission when it entered judgment awarding prejudgment interest
17  to Helix.

18      B.    <u>Buesing's Request for Relief under Rule 59(e)</u>

19        Buesing also timely requests amendment under Rule 59(e).  Rule 59(e) "permits a district
20  court to reconsider and amend" a previous judgment if the district court "(1) is presented with
21  newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust,
22  or (3) if there is an intervening change in controlling law."  *School Dist. No. 1J v. ACandS, Inc.*, 5
23  F.3d 1255, 1263 (9th Cir. 1993).  "A motion to alter or amend a judgment must be filed no later
24  than 28 days after the entry of the judgment."  FED. R. CIV. P. 59(e).
25        "District courts have considerable discretion in deciding Rule 59(e) motions." *Kaufmann*
26  *v. Kijakazi*, 32 F.4th 843, 850 (9th Cir.) (citations omitted).  This discretion is only abused when
27  the court does not apply the correct law or if it rests its decision on clearly erroneous findings of
28  material fact."  *United States v. Plainbull*, 957 F.2d 724, 725 (9th Cir. 1992).

**James C. Mahan**
**U.S. District Judge**

1  This case is in federal court on diversity jurisdiction. (ECF No. 143, at 4). "State law generally governs awards of prejudgment interest in diversity actions, but federal law may apply to the calculation of prejudgment interest when a substantive claim derives from federal law alone." *Oak Harbor Freight Lines, Inc. v. Sears Roebuck, & Co.*, 513 F.3d 949, 961 (9th Cir. 2008). None of the claims in this case are derived from federal law so Nevada law governs the award of prejudgment interest.

Buesing argues that the court's judgment granting prejudgment interest should be amended under Rule 59(e) because, under Nevada law, prejudgment interest cannot be awarded if damages are indefinite and not readily ascertainable when incurred. (ECF No. 147, at 2). Helix argues that damages were readily ascertainable under the terms of the contract and the established market price for piledriving construction work. (ECF No. 248, at 5–6). The court agrees with Helix.

Nevada permits an award of prejudgment interest in certain circumstances. *See* NEV. REV. STAT. §§ 17.130, 99.040. Under NRS 99.040, prejudgment interest "must be awarded upon all monies owed from the time an obligation becomes due" in contract actions. *M.C. Multi-Fam. Dev., L.L.C. v. Crestdale Assocs., Ltd.*, 193 P.3d 536, 541 (Nev. 2008); quoting *Paradise Homes, Inc. v. Cent. Sur. & Ins. Corp.*, 437 P.2d 78, 83 (Nev. 1968). But prejudgment interest cannot be awarded on any portion of the judgment that is not a "definite sum of money," "ascertainable by mathematical calculation from a standard fixed in the contract or from established market prices of the subject matter" at the time they became due. *Id.*

Buesing argues that prejudgment interest should not have been awarded in this case because the amount owed under the contract was indefinite and unascertainable until the court rendered judgment. (ECF No. 147, at 2). But Buesing does not provide a memorandum of points and authorities in support of its motion and cites only a few errant cases with no substantive analysis of their applicability to *this* case. (*See generally id.*). Buesing has not met its burden as a movant.

In *M.C. Multi-Family Development*, the Nevada Supreme Court found that the amount of money due under the contract was not definite or ascertainable until judgment was rendered because the contract involved consulting services with no set duration, to be compensated based

James C. Mahan
U.S. District Judge

- 3 -

on profits. 193 P.3d at 540. Unlike *M.C. Multi-Family*, the money due in this case was for breach of contract of a defined amount of construction work—with an ascertainable market price—of which the standard for completion was objective and fixed in the contract itself. The court therefore properly awarded prejudgment interest. *Paradise Homes, Inc.*, 437 P.2d at 83 (finding prejudgment interest appropriate on similar grounds).

However, the Nevada Supreme Court also instructs that before prejudgment interest is awarded, the court must determine: "(1) the rate of interest; (2) the time when it commences to run; and (3) the amount of money to which the rate of interest must be applied." *Jeaness v. Besnilian*, 706 P.2d 143, 146 (1985). The court awarded prejudgment interest without making findings on the interest rate and accrual date. The court therefore orders supplemental briefing on these issues and defers ruling on Buesing's motion to amend the judgment under Rule 59(e). Helix Electric is ordered to file a supplemental brief on the appropriate interest rate and the date that interest commenced, not to exceed 10 pages. Buesing may file a response brief within 14 days of Helix Electric's brief, not to exceed 10 pages.

C.   Helix Electric's Motion to File a Surreply

Helix Electric requests leave to file a surreply to Buesing's motion to amend, arguing that it should be allowed to address an issue Buesing raised for the first time in its reply. (ECF No. 150, at 3). Specifically, Buesing argued for the first time in its reply that the post-judgment interest rate should be $44.96 per day, not the court's ordered $90.48 per day. (ECF No. 149, at 3).

Where the moving party presents new matters for the first time in a reply brief, the court may either refuse to consider the new matters or allow the opposing party an opportunity to respond. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (citing *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003)) ("[t]he district court need not consider arguments raised for the first time in a reply brief"); *see also Avery v. Barsky*, No. 3:12-CV-00652-MMD, 2013 WL 1663612, at *2–3 (D. Nev. Apr. 17, 2013) (explaining that the non-moving party may only file a surreply to address new matters raised in a reply brief). The court finds that because Buesing did not raise the issue of post-judgment interest until its reply brief, the court need not consider it. Helix Electric's motion to file a surreply is accordingly denied as moot.

**James C. Mahan**
**U.S. District Judge**

- 4 -

**IV.   Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Buesing Corporation's motion to amend (ECF No. 147) be, and the same hereby is, DENIED in part and DEFERRED in part per further order of this court.  The parties are ordered to file supplement briefs, in accordance with the foregoing.

IT IS FURTHER ORDERED that Helix Electric's motion for leave to file a surreply is DENIED as moot. (ECF No. 150).

DATED February 28, 2024.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 5 -